# COURT OF APPEALS.

### Amory Houghton agt. McAuliffe & Wheelock.

Where a *promissory note* given to and payable to the order of an *insurance company*, is transferred before maturity to the *president* (by indorsement of the secretary), without any previous authority of the *board of directors*, as required by the statute relative to moneyed corporations (1 *R. S.* 598, § 51, *L.* 1844, 229, *and L.* 1855, 505), the president obtains no title to the note, and is subject to the penalties prescribed by the statute for such unlawful taking.

Such a note being the property of the company, and having been transferred or assigned unlawfully, it is *prima facie void* in the hands of an *assignee or holder;* and he must show that he purchased it for a valuable consideration and without notice of the facts which the statute declares render the transfer void and illegal, in order to sustain his action upon it.

*December Term*, 1863.

THE defendants were makers of a note payable to the order of the International Insurance Company for $1,000. P. J. Avery, the president of the company, obtained the possession of this and other notes to the amount of $42,000, and the secretary of the company indorsed them to him. He subsequently procured from the finance committee a settlement or arrangement, by which they assented to the transfer. The plaintiff purchased this and other notes before maturity. Defendants refused to pay on the ground of illegality of the transfer.

Plaintiff claimed the statute prohibiting transfers did not apply, and if it did, that the company only, and not a debtor, could take advantage of it.

JOHN H. REYNOLDS, *for plaintiff.*
GILBERT DEAN, *for defendants.*

DAVIES, J.   The note in controversy bears evidence upon its face that at the time of its negotiation it was the property of the insurance company.   It contained the promise of the defendants to pay to the International Insurance Company, or order, the sum of one thousand dollars.   This insurance company was made subject to the provisions of the statute relative to moneyed corporations (1 *R. S. p.* 598, § 51;  *Laws of* 1844, *p.* 229, *and* 1855, *p.* 505;  *Mutual Ins. Co. of Buffalo* agt. *Supervisors of Erie*, 4 *Com.* 444; *Brower* agt. *Harbeck*, 5 *Seld.* 589.)

By section eight of article one of the act relative to the insolvency of moneyed corporations (1 *R. S.* 591) it is declared that no assignment or transfer of any of the effects of such corporation exceeding in value the sum of one thousand dollars shall be made, which was not authorized by a previous resolution of its board of directors; and section ten declares, that any director, who shall violate or be concerned in violating any provision of the preced-

ing section, shall be liable personally for any loss the corporation may sustain from such violation; and section eleven declares, that every director guilty of such violation, whether a loss shall or shall not result, shall be guilty of a misdemeanor; punishable by fine or imprisonment, or both, in the discretion of the court. The note in suit, with others to a large amount, was never at any time assigned or transferred by the authority of the board of directors. They were taken by Avery, a director, under such circumstances as made such taking on his part a criminal offence. There was never any previous resolution of the board authorizing the taking of them by him, and he was, therefore, subject to the penalties prescribed by the statute for such unlawful taking. It seems hardly necessary to add that such illegal taking conferred no title upon him to the notes so taken and received by him (*Gillett* agt. *Phillips*, 3 *Kern.* 116). Having no title to the note in controversy, he could confer none upon any person taking the note from him, and it would, consequently, be void in the hands of all persons receiving it, unless they brought themselves within the exception of the last clause of the eighth section. This exception is, that the provisions of that section shall not be construed to render void the assignment or transfer in the hands of a purchaser for a valuable consideration and without notice. *Prima facie*, the note being the property of the company, and having been transferred or assigned unlawfully, it is void in the hands of the assignee or holder. If he wishes to relieve himself from the illegality which the statute has impressed upon the transaction, he must bring himself within the exception contained, by showing that he is a *bona fide* purchaser of this particular piece of property of the company. In other words, he must show that he purchased it for a valuable consideration, and without notice of the facts, which the statute declares render the transfer void and illegal. The plaintiff in this action has not done this, or made any

attempt to do it. He does not adduce any state of facts or circumstances which show, or tend to show, that he stands in any better position than Avery himself in reference to this note. He cannot, therefore, maintain an action upon it.

The nonsuit was correctly granted, and the judgment thereon should be affirmed, with costs.